IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CROSLEY ALEXANDER GREEN,

    Petitioner,

v.

CASE NO. 6:11-cv-1873-Or-22KRS

KENNETH S. TUCKER,
Secretary, Florida Department of
Corrections,

PAM BONDI,
Florida Attorney General

    Respondents.
_____/

**PETITIONER CROSLEY A. GREEN'S MOTION TO HOLD PROCEEDINGS IN ABEYANCE PENDING EXHAUSTION OF STATE REMEDIES**

COMES NOW the Petitioner, Crosley Alexander Green, by counsel, and respectfully requests that this Court hold in abeyance any and all proceedings on his federal habeas corpus petition filed with this Court while the Florida state courts consider his pending state court post-conviction claims. In support thereof, Petitioner states:

1. Mr. Green is an inmate at Hardee Correctional Institute, located in Bowling Green, Florida. Mr. Green filed a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 in this Court on November 22, 2011.

2. In 1990, Mr. Green was convicted of one count of first degree murder, two counts of kidnapping, and two counts of robbery with a firearm in the Circuit Court of the Eighteenth Judicial Circuit, Brevard County, Florida (the "Eighteenth Circuit"). Mr. Green was sentenced to death by a jury recommendation of 8-4. On direct appeal, Mr. Green challenged his first

degree murder conviction and death sentence. The Florida Supreme Court affirmed Mr. Green's convictions and sentences. *See Green v. State*, 641 So. 2d 391 (Fla. 1994), *cert. denied*, 513 U.S. 1159 (Feb. 21, 1995).

3. In March 1997, Mr. Green filed a motion for post-conviction relief with the Florida state court pursuant to Fla. R. Crim. P. 3.851 on his murder conviction and death sentence, and amended the motion in November 2001. Although the Eighteenth Circuit state court granted relief, in part, and ordered a new penalty phase proceeding (which was affirmed by the Florida Supreme Court), his convictions were upheld and all state post-conviction claims relating thereto were denied. *See State v. Green*, 975 So. 2d 1090 (Fla. 2008).

4. A re-sentencing hearing was held on August 31, 2009, during which the Eighteenth Circuit state court heard evidence supporting Mr. Green's actual innocence. Mr. Green was sentenced to concurrent terms of 17 years on the kidnapping and robbery convictions and to a consecutive term of life without eligibility for parole before 25 years on the first degree murder conviction. Mr. Green appealed his sentence to Florida's Fifth District Court of Appeal, arguing that consecutive sentences for crimes that were part of a "single criminal episode" violated the U.S. and Florida Constitutions and were an abuse of the trial court's discretion. On August 24, 2010, the Fifth District affirmed the Eighteenth Circuit's sentencing decision and issued its mandate on September 17, 2010.

5. On July 1, 2010, while his re-sentencing appeal was pending, Mr. Green timely filed a Successive Motion to Vacate Judgment of Convictions and Sentences before the Eighteenth Circuit pursuant to state post-conviction rules ( "Successive Rule 3.850 Motion"). The claims contained in that motion involve a substantial claim of actual innocence based upon newly discovered evidence, including the recantations of key prosecution witnesses, exculpatory

evidence that was withheld from Mr. Green's defense at the time of trial, and eyewitness affidavits demonstrating that Mr. Green has a solid alibi for the time that the crime for which he was convicted occurred. The Successive Rule 3.850 Motion was dismissed by the Eighteenth Circuit in light of the pending appeal of the sentencing decision.

6. On September 24, 2011, following the Fifth District's mandate affirming the sentencing decision, Mr. Green filed a First Amended Successive Motion to Vacate Judgment of Convictions and Sentences ("First Amended Successive Rule 3.850 Motion") with the Eighteenth Circuit, restating the claims of the Successive Rule 3.850 Motion.

7. On November 19, 2010, the Eighteenth Circuit ordered the State to respond to Mr. Green's First Amended Successive Rule 3.850 Motion within sixty days. On January 7, 2011, before the State filed its response (which occurred on January 14, 2011), Mr. Green filed a Second Amended Successive Motion to Vacate Judgment of Convictions and Sentences ("Second Amended Successive Rule 3.850 Motion"), which added claims relating to newly discovered DNA evidence. The Eighteenth Circuit denied that motion on January 24, 2011, without prejudice to re-file it within thirty days, due to technical deficiencies in the notarized oath attached thereto. Mr. Green refiled the Second Amended Successive Rule 3.850 Motion on February 3, 2011.

8. On April 27, 2011, the Eighteenth Circuit ordered an evidentiary hearing based on Mr. Green's newly discovered alibi evidence from witnesses Brandon Wright and Reginald Peters, and evidence supporting the recantation of confession witness Laymen Layne. The evidentiary hearing was held on May 27, 2011 and August 11, 2011. The Eighteenth Circuit issued its Order Denying Motion for Post-Conviction Relief on August 31, 2011. Mr. Green

filed a timely Notice of Appeal on September 8, 2011 with Florida's Fifth District Court of Appeal, and that appeal is currently pending.

9. 28 U.S.C. §2244(d)(1) provides a one-year limitations period to apply to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. However, that limitations period is tolled when a properly filed application for State post-conviction review is pending, 28 U.S.C. §2244(d)(2). Thus, any time period for which Mr. Green has a right to seek federal habeas review is tolled while his state motion for post-conviction relief is pending, as it has been since at least September 24, 2011. However, out of an abundance of caution, to preserve his rights and ensure that the federal habeas limitations period does not expire while his state actions are pending, Mr. Green filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition for Writ of Habeas Corpus") on November 22, 2011, concurrent with this Motion.

10. The Florida state courts are still determining the claims raised by Mr. Green's Petition for Writ of Habeas Corpus – namely, the substantial new evidence demonstrating Mr. Green's actual innocence, the prosecution's misconduct in not disclosing exculpatory information to Mr. Green or his defense counsel, and the ineffectiveness of Mr. Green's defense counsel in not investigating and pursuing solid alibi evidence. These are the subject of Mr. Green's pending Rule 3.850 Motions, and only after a final decision is reached by the Florida Supreme Court will those claims be fully exhausted and ripe for federal habeas review.

11. Although typically a petitioner must exhaust all his claims in state court before seeking federal review (*see* 28 U.S.C. § 2254(b)(1),[1] the United States Supreme Court specifically authorizes federal district courts to stay and abey habeas proceedings that concern "mixed" petitions – petitions that involve exhausted and unexhausted claims – in order for the petitioner to exhaust his claims in state court. *See, e.g., Rhines v. Weber*, 544 U.S. 269 (2005). This is permitted where the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics. *See id.* at 277.

12. The stay and abeyance procedure is particularly appropriate where a petitioner files a protective petition because he is concerned that the federal habeas clock may expire on his exhausted claims while he continues to pursue his unexhausted claims in state court. *See id.* at 275 (discussing how the habeas time limitation can put petitioners with mixed petitions at "risk of forever losing their opportunity for any federal review of their unexhausted claims"); *Harris v. Sec'y, Dep't of Corrections*, No. 6:07-cv-1468-Orl-31GJK, 2008 WL 312785 (M.D. Fla. Feb. 4, 2008) (granting stay of "mixed" habeas petition that was at risk of being time barred, to allow petitioner to exhaust certain claims in state court). This is precisely the reason why Mr. Green is seeking to stay and abey the proceedings in connection with his federal habeas petition.

13. Here, Mr. Green has good cause for not having already exhausted certain of his claims in state court, because the claims are based on newly discovered evidence that was not known to him or his defense at the time of trial or when he submitted his initial state motion for post-conviction relief. For example, the recantation evidence of Layman Layne could not have

---

[1] Section 2254(b)(1) provides in relevant part: "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

been previously exhausted because he testified (falsely) for the first time in Green's initial post-conviction evidentiary hearing and only recently recanted that false testimony. Similarly, Mr. Green's Rule 3.850 Motion is based in part on new exculpatory evidence detailed in June 2010 affidavits and an audiotape that was only recently brought to the attention of Mr. Green's defense. Furthermore, the new alibi evidence discussed in the Rule 3.850 Motion is based on witness interviews in 2009-2010 and affidavits from those witnesses dated February-June 2010.

14. Thus, in order to provide the state courts with the opportunity to address Mr. Green's claims while also safeguarding Mr. Green's ability to remedy the violations of his constitutional rights in federal court, this Court should hold proceedings on his habeas petition in abeyance until a final state court resolution on Mr. Green's Rule 3.850 Motion.

WHEREFORE, Mr. Green respectfully requests that this Court stay and abey the proceedings on Mr. Green's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody pending the exhaustion of Mr. Green's remaining State post-conviction claims.

Dated: November 22, 2011

                                                                     /s/ D. Todd Doss
                                                                     D. Todd Doss
Local Counsel of Record
Florida Bar Number: 0910384
725 Southeast Baya Drive
Suite 102
Lake City, FL 32025
(386) 755-9119 (telephone)
(352) 755-3181 (facsimile)
dosslaw@comcast.net
*Local Counsel of Record*

Keith J. Harrison
Robert T. Rhoad
Jeane A. Thomas
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2592
(202) 624-2500 (telephone)
(202) 628-5116 (facsimile)
jthomas@crowell.com
*Applications for Admission Pro Hac Vice Pending*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Clerk of Court and by Federal Express to Pam Bondi, Office of the Attorney General, the Capitol PL-01, Tallahassee, FL 32399-1050, and Crosley Alexander Green, Inmate No. 902925 / P2226S, Hardee Correctional Institution, 6901 State Route 62, Bowling Green, FL 33834.

/s/ D. Todd Doss
D. Todd Doss
Local Counsel of Record
Florida Bar Number: 0910384
725 Southeast Baya Drive
Suite 102
Lake City, FL  32025
(386) 755-9119 (telephone)
(352) 755-3181 (facsimile)
dosslaw@comcast.net

Keith J. Harrison
Robert T. Rhoad
Jeane A. Thomas
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2592
(202) 624-2500 (telephone)
(202) 628-5116 (facsimile)
jthomas@crowell.com