UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CROSLEY ALEXANDER GREEN,

    Petitioner,

v.                                        CASE NO. 6:11-cv-1873-Orl-22KRS

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

    Respondents.
_____/

## AMENDED ORDER[1]

    Petitioner, through counsel, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner currently has pending in the state courts an appeal from the denial of a Rule 3.850 motion, which concerns the judgment and sentence under attack in this case. Petitioner asserts that, despite the pendency of the state court proceedings, he has filed the instant habeas petition "out of an abundance of caution, to preserve his rights and ensure that the federal habeas limitations period does not expire while his state actions are pending . . . ." See Motion to Hold Proceedings In Abeyance Pending Exhaustion of State Remedies at 4 (Doc. No. 4).

---

[1] This Amended Order amends the Order entered on December 12, 2011 (Doc. No. 12) to correct a typographical error. In particular, this Amended Order reflects the correct spelling of Petitioner's name—Crosley Alexander Green—on pages 1 and 3. In all other respects, the Court's Order of December 12, 2011 (Doc. No. 12), is unchanged. Under Federal Rule of Civil Procedure 60(a), the Court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The Court may do so on motion or on its own, with or without notice. Fed. R. Civ. P. 60 (a).

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal in Florida state court and [his] Section 2254 petition[] in federal court."). In the present case, Petitioner himself has chosen to pursue collateral relief in State court, and he may not now simultaneously maintain a federal habeas petition. Petitioner's request to do so is, therefore, rejected. As a result, the Court concludes that this case should be dismissed in light of the motion for postconviction relief proceedings currently pending in the state courts.

The Court also declines Petitioner's request to hold these proceedings in abeyance pending the disposition of his state court proceedings. In *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that "stay and abeyance should be available only in limited circumstances" in section 2254 habeas actions. *Id.* at 277. The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law. *Id.* Thus, a stay in this context is appropriate only where a petitioner has "good cause" for his failure to exhaust his claims in state court. *Id.*

Here, Petitioner merely argues that he has filed the instant petition "out of an

2

abundance of caution," but he fails to demonstrate that the instant petition is at risk of being time-barred or that he would in any manner be precluded from receiving the benefit of the AEDPA's tolling provision. In fact, Petitioner provides no analysis as to the timeliness of his petition, and he has failed to show that there is any reasonable confusion about his state or federal filing requirements. Clearly, Petitioner has not demonstrated good cause,[2] and this case is dismissed without prejudice.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Crosley Alexander Green is **DENIED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

2. All pending motions are **DENIED** as moot.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18th day of January 2012.

_____
ANNE C. CONWAY
United States District Judge

---

[2] The Court notes that the time during which Petitioner's claims are pending in the state courts in a properly filed application for collateral review is excluded from the one year period of limitation under 28 U.S.C. § 2244(d)(2). However, the Court is not making a determination as to whether any future federal habeas corpus petition filed by Petitioner will be deemed timely.

Copies to:
OrlP-2 1/18
Counsel of Record